QUESTION:
What entity or person should bear the expense of a blood test for intoxication administered at a county public hospital to a person suspected of driving under the influence of an alcoholic beverage?
SUMMARY:
Pending legislative or judicial clarification, the expense of administering a blood test to an incapacitated person whom a peace officer has reasonable cause to believe had been driving a motor vehicle while under the influence of alcoholic beverages should be borne by the governmental unit employing the peace officer who requests the blood test.
Section 322.261, F.S., provides at least four circumstances in which a chemical test for intoxication may be administered to a person whom the arresting officer had reasonable cause to believe had been driving a motor vehicle while under the influence of alcohol. First, a breath test may be given incidental to a lawful arrest upon the request of a peace officer having reasonable cause to believe a person was driving under the influence of alcohol. Section 322.261(1)(a). Second, a blood test may be administered to a person who is incapacitated, and who is admitted to a hospital as a result of his involvement as a driver in a motor vehicle accident, but not necessarily after an arrest of such person. Section 322.261(1)(b); AGO 073-361; State v. Mitchell,245 So.2d 618 (Fla. 1971). Third, if the arresting officer does not request a chemical test, a person arrested for any offense allegedly committed while driving under the influence of alcohol may request a breath test, and, if so requested, the arresting officer shall have the test performed. Section 322.261(1)(g). Fourth, a person tested may, at his own expense, have a breath or blood test administered in addition to the test administered at the direction of the arresting officer. Section 322.261(2)(c).
It was held in AGO 067-75, that the expense of administering a breath test given under s. 322.261(1)(g), supra ("third" above), is properly borne by the "governmental unit employing the arresting office." The only circumstance in which such governmental unit is apparently not required to bear the expense of the breath test is when, under s. 322.261(2)(c) ("fourth" above), the person arrested requests an additional breath test.
As indicated previously, a person whom a peace officer has reasonable cause to believe was driving a motor vehicle while under the influence of alcoholic beverages need not be arrested prior to the administration of a blood test pursuant to s. 322.261(1)(b), supra. However, the blood test is administered only in lieu of the breath test and only when such person is so incapacitated as to render impractical or impossible the administration of a breath test. State v. Mitchell, supra; AGO 073-361. Moreover, the blood test, like the breath test, is administered only at the request of a peace officer. Section 322.261(2)(b), F.S.
Therefore, due to the substitute nature of the blood test and the fact that the blood test, like the breath test, is administered only upon the direction of a peace officer, the rule mentioned above relating to the expense of the breath test should be equally applicable to the blood test. Thus, pending legislative or judicial clarification, I am of the opinion that the governmental unit (municipal, county, or state) employing the peace officer who requests the administration of a blood test to a person he had reasonable cause to believe had been driving a motor vehicle while under the influence of alcoholic beverages should bear the expense of such test.